Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God gave the United States and His Honorable Court. Good morning. This is Judge Wilson in Tampa. Judge Newsom is in Birmingham, and Judge Carnes is in Montgomery. We have three appeals that are scheduled for oral argument this morning. I'd like to thank counsel who are on the line for making yourselves available for these arguments. I think we're ready to proceed. Before we begin, I would advise counsel that we've read the briefs and we've examined relevant parts of the record. If that will assist you in confining your arguments to the specific issues on appeal. You have 15 minutes per side. Ms. Geddes, the courtroom deputy, is the timekeeper. She will let you know when your time to argue has expired. She will also let you know when you have two minutes left to your argument. I think in some of these appeals this morning, the appellant has reserved some time for rebuttal argument. But in any event, Ms. Geddes will let you know when your time has expired. So we're ready to begin this morning with the first argument. It's Dorothy Rousaw versus Skid and Associates. Yitzhak Zellman is here for the appellant, Rousaw. Eugene Martin is here for appellee, Skid and Associates. And Mr. Zellman, are you ready to proceed? I am, Your Honor. You may. Thank you, Your Honor. Good morning, and may it please the Court. My name is Yitzhak Zellman. I represent the appellant, Dorothy Rousaw, in this matter. Your Honor, this appeal involves a particularly glaring violation of the FDCPA's prohibition against deceptive and misleading collection communications. In this case, Ms. Rousaw received a collection letter from a law firm. That letter told Ms. Rousaw that she owed a little over $2,500 on a credit card bill and that if Ms. Rousaw did not contact the law firm, the firm will consider all remedies available to recover the balance due. Above that statement, the letter separately threatened that if Ms. Rousaw failed to contact the law firm, then the law firm's client may consider additional remedies to recover the balance due. The problem is that in between these two threats of continued collection activity is a separate sentence which flatly contradicts those two statements. And in that sentence, the law firm stated that the letter was intended to advise the consumer that the debt collector's further efforts are being terminated. And that's the problem here. That statement about stopping further collection efforts is inherently confusing and contradictory when considering these other statements. These statements cannot possibly both be true. One of them must be false. Either the law firm is stopping further collection efforts or it isn't. Either statement may be fine on its own, but the law firm can't say both in the exact same one-page letter. This is Judge Wilson, the counsel. Don't we interpret this letter as we're not going to bother you anymore, but you still owe the money and we can exercise what other remedies we have? How would that be a violation of the Fair Debt Collection Practices Act? Well, Your Honors, this court has held in LeBlanc v. Unifon that a communication is accepted for purposes of the act if it's open to more than one reasonable interpretation, at least one of which is inaccurate. In this case, there's two interpretations, one of which cannot be accurate because the law firm is not saying that we're stopping current collection efforts but they may resume again in the future. We're not going to collect from you now, but if you don't contact us, we're going to sue you in the future. They're saying our further efforts are being terminated, and that's where I think the district court got it wrong. Let me ask you this. What if the letter said further efforts are not being terminated, that we're not going to terminate further efforts and we will invoke whatever remedies that we have under the law to collect the debt? Would a letter like that constitute a violation of the Fair Debt Collection Practices Act? No, Your Honor, because then you've just removed the contradiction. It sounds like the letter that they sent is less of a threat than the hypothetical I just gave you. Well, not at all, Your Honor. See, the letter tells Ms. Russo, if you do not contact us, we will consider all remedies available to recover the balance due. This is a law firm sending this letter. There's ten references in this letter to either attorneys, law firm, or the firm. There's a really not a valid threat of litigation here, that we will consider whatever remedies are available to recover the balance due, but that can't be reconciled with a statement saying that our further efforts are being terminated. Either they're continuing or they're not continuing. When you say that our further efforts are being terminated, that means we're not taking any further efforts to collect this debt. Does that mean the debt is discharged? No, I mean, it just says that no one's going to be trying to collect this debt anymore. It doesn't mean the debt discharged. Well, if I accept that argument, the law firm can bring a collection action in county court in order to get a judgment for the $2,500 then, right? Of course they can bring that lawsuit. And that's the whole point. But they can't bring that lawsuit if... Oh, I'm sorry. Isn't that what the letter is advising, Mr. Russo? On one hand, yes. On one hand, it's saying that we can bring a lawsuit, of course. But on the other hand, they say our further efforts are being terminated. I don't see how those two statements can live in the same universe. Let me ask you this. Given this letter, what can the law firm do after it sends the letter in an effort to collect the debt? Nothing. I mean, if they continue collection efforts... That means the debt is discharged. No, no. I'm sorry, but just because they're not going to continue efforts doesn't mean the debt just disappears. It's still there. It survives in the ether. It just means they're not going to collect on it anymore. If I say, Your Honor, you know, that $10 that you lent me last Sunday, I'm not going to collect on it anymore. It doesn't mean that I'm discharging it and I'm writing it off. It still exists. You still owe me the money. But I'm just not coming after you for it anymore. How do they get their money then? That's a whole different ballgame. I mean, again, they can send it back to the client. The client can do whatever they want in the future with it. They can hire a different collector who can take their own collection efforts. But this law firm says that the debt collector's further efforts are being terminated. They're wiping their hands clean of collection efforts. They're saying, We're done here. So how can you possibly say that they can later go and start a collection lawsuit if they just said that we're not doing any more collection efforts? So Scott and Associates cannot make any further efforts to collect the debt, but another law firm could. This one says that this debt collector is terminating their further efforts. What they do later, that's not really addressed in this letter. But when this debt collector is terminating efforts, but they're also saying we will consider further remedies to collect this balance due, which way is it going? Ms. Russa doesn't know which way is up or down right now. She doesn't know if she needs to contact this debt collector because otherwise Mr. Zellman, this is Judge Carnes. I'd like an answer to Judge Wilson's question. Can this law firm withdraw or cease its efforts, no further efforts, but sell the owner of the debt, now sell the debt to someone else, and they go to a law firm and have the law firm collect? Or can the owner of the debt go to another law firm without selling and have it collected without a violation of the Fair Debt Collection Practices Act? Yes, Your Honor. That possibility is not foreclosed by this letter. This letter simply forecloses further collection activity by this law firm. Or at least, and again, I'm not saying that they inadvertently waive their rights to collect on the debt. All I'm saying is they told Ms. Russa that they're terminating further efforts. And if they're telling her that, then if they're going to proceed to collect on the debt, that would be a violation. That would be them saying one thing and then doing another. But in this case, they say both. They say both that we will do whatever remedies are available to collect this debt and that we're terminating our efforts. It can't be both. Either one could be fine, but not both in the same letter. Unless you interpret further, you mean future, or present. In other words, does the case turn on what further means? Advise the consumer that the debt collector's further efforts are being terminated. Further to me sounds like future, but there's an argument it could be current. And if they are terminating their current efforts, but they may change their mind and do something in the future, that's allowed, right? Sure. If they would have used the word current efforts, and then that means they're terminating for now, and that they will restart it down the road, that's a different story. But we can't rewrite the letter. We can't put words into this letter that aren't there. And that's, in our view, what the lower court did. The lower court said that Scott and Associates notified Rousseau that it was seizing current collection efforts, but might pursue legal remedies in the future. But that's not what this letter says. This letter says that the letter will serve the following purposes, to advise the consumer that the debt collector's further efforts are being terminated. And, again, while it could be arguable what the word further means, the person we're trying to protect here is not learned judges in the federal courts, where we're trying to protect the least sophisticated consumer. And the way I see it, the least sophisticated consumer reads the words further efforts as one way, which is we will not continue collection efforts on this account. And if that's the case, these other two themes in this letter really just throw her for a doozy. Counsel, this is Judge Wilson again. So I'm looking at the letter, and it says the debt collector, and we're talking about Scott and Associates, the debt collector that you say cannot make any further efforts to collect the debt. It says the debt collector or creditor may invoke specific remedies, which are ordinarily invoked by such a debt collector or creditor. Who are we referring to there? Isn't that Scott and Associates? That is the debt collector who has the right to invoke specific remedies? Yes, Your Honor, but that's the whole point. This letter says a whole bunch of things, none of which coexist together. Two-minute warning, Counsel. But I thought you told me that Scott and Associates can't do anything further to collect the debt. And that's – I'm not saying that. That's what the letter says. The letter says, right – you just read paragraph two. Paragraph one says that the letter is to advise that the debt collector's further efforts are being terminated. And then paragraph two says something which doesn't quite click with that, which is that this is to notify the consumer that the debt collector may invoke specific remedies that are ordinarily invoked. What does that mean when you're saying that further efforts are being terminated? I don't know, and Ms. Russo certainly didn't know. And that's the issue. She should know. When she gets a letter from a law firm threatening her, telling her that stuff were going to happen, that, hey, you better contact us or this is going to happen. But then it also says that, you know, we're terminating our further efforts. She's not getting the information in a clear manner that the FDCPA wants her to get it. And that she doesn't know what to do with her debts when that happens. So this is Judge Newsom. Let me just follow up briefly. So is your point that the remedy for the violation of the statute that you have identified by virtue of this contradictory language, that the remedy for that violation is that Scott & Associates can no longer attempt to collect but another law firm may, or, which may amount to the same thing, that we sort of take the language in the letter most generous to your client, the termination language, as opposed to the continuation language, and that language in and of itself sort of stops Scott & Associates from collecting? Well, to answer your question, Judge Newsom, if I understand it correctly, I'm not trying to stop anybody from doing anything. All I'm saying is that Scott & Associates sent my client a letter that had two contradictory statements. And under this court's precedent in LeBlanc v. Unifon, that would be violative of the act because one of these interpretations can't be accurate. Either the law firm is continuing collection efforts or it isn't. Your point is, by virtue of that contradictory language, there is a violation of the act. By virtue of the violation of the act, the remedy is that Scott & Associates cannot seek to collect. Is that right? No, I'm saying by virtue of this happening, there's a violation of the act. As a violation of the act, my client is entitled to statutory damages under the act. Whether this serves as an estoppel or a waiver to further collection efforts by Scott & Associates, that's a legal argument that we're not raising here. We're just saying that this is a deceptive statement under the act, and as a result she's alleged a viable claim under the FDCPA, and she should be permitted to seek statutory damages for that violation. Thank you, Your Honors. I'll reserve the rest of my time for rebuttal. Thank you, Mr. Zellman. We will hear from Mr. Martin on behalf of Scott & Associates. May it please the Court. Eugene Xerxes Martin on behalf of Scott & Associates. Good morning, Your Honors. The language Ms. Roussel complains of in this letter is exact language from the FDCPA. Can I ask you a question? This is Judge Newsom. To me, it strikes me that that is precisely the problem. The argument that this tracks the language of the statute doesn't do much for me because the language of the statute basically says, look, if somebody tells you to stop contacting them, you can't contact them unless you send them a letter that tells them one of three things. Either we're continuing or we're terminating or we're going to seek special remedies, and your letter does all three simultaneously. So to say that the single letter just sort of like copies and pastes the language doesn't move me at all. Explain to me why it should. Thank you for the question, Your Honor. One part of that is there's also a requirement under 1692G to provide the debtor a list of enumerated pieces of information, and so the letter complies with that as well. However, going to the exceptions in the 1692C that we're looking at right now, the first one that is specified is that collection efforts are being terminated, and the second one is to inform that the plaintiff, and this part goes a little bit to what Judge Wilson hit correctly earlier, is that the next section says that appellee or the creditor may invoke specified remedies, and it was talked about how possible remedies would be another collection firm, another collection agency filing a lawsuit in district court or county court to collect on the debt, and those are potential remedies available, and it's informing the debtor that those are possibilities, and in our brief we do talk about how may, using the word of may, is not a legal probability that something will happen, but it does inform the debtor that certain actions may be taken in the future, and this letter puts them on notice that those actions may be taken. Well, but doesn't the letter also use the word will? The firm will consider all remedies available to recover the balance, too? It does use the word will in a different sentence, but it's still just a consideration, so I think may and will having to do with just the fact that something's being considered is really almost one and the same. But I guess your adversary's point is that the target here isn't me. I may not be all that sophisticated, but I don't think I'm the least sophisticated consumer, and I really can't make heads or tails of what this letter is trying to communicate. If it's telling me we're terminating or we're continuing, if we're continuing, is that a may proposition or a will proposition? I mean, it just seems like the letter is riddled with inconsistencies. Yes, Your Honor. In our brief, we refer to a case, Donavea v. Client Services, Incorporated out of the Eastern District of New York, and I feel that that case is very applicable to this one at hand, and in that case, the court said that a lawyer in search of an ambiguity is more likely than a consumer to find ambiguity in an entirely accurate debt collection letter that does not resemble collection abuses that inspired the FDCPA. I'll just say, with all due respect, I don't think that I'm searching for ambiguity here. I just think that a letter that simultaneously tells a consumer we're quitting and we're keeping on is internally contradictory. I think one thing to focus on in this is the complaint and the fact alleged itself. Plaintiffs make zero allegations that Scott & Associates took any further efforts or any other efforts were taken by the creditor in this case. They don't have to, counsel. The question, this Judge Carnes, the question is whether the letter itself under LeBlanc is open to more than one reasonable interpretation, at least one of which is inaccurate. That's two elements. It's either open to more than one reasonable interpretation under the least sophisticated consumer perspective or it's not. Now, let's take that. Isn't this open to two reasonable interpretations from the least sophisticated consumer's perspective that they're stopping, that they're withdrawing, they're not going to make any further efforts on the one hand, and on the other hand, they are going to? They're very well made. As a matter of fact, you know, the boilerplate language says this is an attempt to collect a debt. Isn't it open to more than one reasonable interpretation? I do not believe so because the letter says that further efforts are being terminated by Scott & Associates and that informs the debtor of the second exception found within the FDCPA that the collector or creditor may take... What good does it do to say the collector or creditor? It says the firm will consider all remedies available to recover the balance due. The law firm is a debt collector. This is an attempt to collect a debt. Let me ask you this, Counsel. What does further mean? Are we referring to in the first exception or the second exception? We're referring to to advise the consumer the debt collector's further efforts are being terminated. It would be actions taking place after this letter was sent. Yeah, anything that hasn't already been done, right? I think that's a fair interpretation. All right, so the fair interpretation of that sentence, of that letter, that part of the letter, is that we're not going to do anything else to collect the debt. Right? Correct. Then the second paragraph says, if you fail to contact this office, our client may consider additional remedies to recover the balance due. Then it said the firm will consider all remedies available to recover the balance due. Then it says this very letter is an attempt to collect the debt. Why is that not too reasonable an interpretation? For one, the letter's purpose is to comply with the FDCPA, such as that 1692G language I referred to earlier. We didn't say in LeBlanc that a communication is deceptive for the purpose of the act. If it's open to more than one reasonable interpretation, at least one of which is inaccurate, unless it's an attempt to comply with the act. There's no attempt to comply with the act exception. Is there? I think I'm missing the question, but regarding the second exception that may invoke specified remedies, nothing is barring the door from the creditor invoking remedies available to them at law past this letter. But the law firm is foreclosed, are they not, under the first statement about the purpose? They're advising the consumer that further efforts by the law firm, the debt collector, are being terminated. Your position isn't that they can turn around and then say, we're just going to sue, repossess, file a lien, or whatnot. Is that your position? One thing, I do not believe that the law firm would actually be barred from filing a collection suit in this situation because they would be doing that on behalf of the creditor. But again, that is not something that took place in this case or is alleged to take place in this case. I thought everything they're doing is on behalf of their client. They don't own the debt, their client does. Correct, but a lawsuit would technically be filed by the creditor. Well, I think the plaintiff's position is, we don't care about future. What we care about is the letter itself is a deceptive communication for purposes of the Act, as defined in LeBlanc's decision, which is binding on us, and that makes us entitled to statutory damages regardless of what the law firm or the owner of the debt does in the future. Brian? Yes, depending on the interpretation of the letter itself. I do think that one case that was recently decided by the 11th Circuit is very applicable to this case at hand, which would be the Trichel versus Midland credit management case. It was decided on July 6th of 2020. In that particular case, the court did say before reaching the merits, the course must consider its own jurisdiction and that of the district court. In Trichel, the facts were, there were actually two plaintiffs or appellants. They received collection letters on time-barred debt offering discount options to pay off the balance of the debt. The letter contained a statement that the law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of the debt at issue, we will not sue you for it or report it on your credit report. The plaintiff in that case alleged that the sentence about credit reporting and suing on the debt implied that they could be sued or it could be reported to the credit bureaus. And this court found in Trichel that the plaintiff did not have Article III standing of an injury in fact. The court said that this particular allegation, alleged violation, was not the abuse of collection practices intended by Congress to protect against and neither risk or informational injury suffice for an injury in fact. Counsel, where do we find that in your briefs? This case was actually, the opinion came out after our brief. And so where do we find it and where do we find your supplemental letter citing it? The site of the case is 964F3D990. That's not what I asked. I asked you where is the supplemental letter you filed citing that. We did not file a supplemental letter on it. The subject matter jurisdiction is something that can be addressed at any time. So you just thought you would bring it up and spring it on everybody's oral argument? The case did not come to my attention all that recently. Counsel, how recently did it come to your attention? Probably a month ago. And Pony Express being what it is, you didn't think you could get a letter to us in time for this argument? At the time that I had received this case, I had not thought about the Rousseau case and the applicability of the case. Which I guess says a lot about its relevance, doesn't it? Not with the fact that subject matter jurisdiction can be addressed at any time. Mr. Martin, have you concluded your argument? I have, Your Honor. I believe that this letter follows true to the FDCPA. It does not pose any harm to the appellant. It is the exact language of the case. It is the exact language of the FDCPA and does not pose contradictory interpretations, being one that Scott & Associates ceased its collection efforts, plaintiff does not allege any efforts continued thereafter, and it does not close the door to the creditor taking any other remedies available to them to collect on this debt.  Thank you, Your Honor. Mr. Zellman, I believe that you have reserved some time for rebuttal. Yes, Your Honor. I think the panel, from the way I hear it, understands the inherent contradiction between telling a consumer that the debt collector's further efforts are being terminated versus if you don't contact this law firm, we will consider all remedies available to recover the balance due. This is Judge Wilson. Now, that's assuming that we interpret the letter as internally contradictory. Can you cite us a case, can you cite us any precedent where, assuming that this is internally contradictory, an internally contradictory letter by a creditor like this constitutes a violation of the Fair Debt Collection Practices Act? Well, Your Honor, that was my citation of LeBlanc v. Unifund, which adopted the circuit's pretty much unanimous view, including the Third Circuit. LeBlanc says it could be a violation of the act if the letter is open to more than one reasonable interpretation, but then it says, at least one of which is inaccurate. So what's inaccurate in the letter here? I can't tell you. The letter says two things. It says we're not going to make any further efforts to collect the debt. We can't say that's inaccurate. And then the second part says that we reserve the right. In other words, you still owe us the money, and we reserve the right to invoke specific remedies, which are ordinarily invoked by such a debt collector or creditor. They can do that as well, too. So the letter is internally contradictory, but neither of those two provisions in the letter are inaccurate. In LeBlanc, one of those was inaccurate. In other words, the debt collector couldn't collect the debt. What is inaccurate in this letter? Well, I've circled it on my letter, but I know you can't see that. But on the one hand, you have the Paragraph 1, which says this letter's purpose is to advise the consumer that the debt collector's further efforts are being terminated. And then if you look for the paragraph below that, Paragraph 2 that you just referenced, where it says, if you have questions, you may contact us at this phone number. Otherwise, the firm will. That's an affirmative yes. The firm will consider all remedies available to recover the balance due. One of those is inaccurate. The firm can do that, right? Well, of course they can. But they can't see that those are terminating their effort. They can file a lawsuit. But then they haven't terminated their efforts. Let's say I accept your argument that there's a contradiction in the letter. But with respect to those two parts of the letter, neither of them are inaccurate. The law firm can cease further efforts, or the law firm can file a lawsuit and exercise the remedies that are provided to the creditor under the Act. Yes, but when read together, one of them must be inaccurate. Either efforts have been terminated, or they haven't. Either we will consider further efforts, or we won't. But you can't do both in the same letter. One on their own would not have been an issue. Both in the same one-page letter, that's an issue, Your Honor. Okay. There's a case out of the Second Circuit that's cited in the Applebee's Beef Kropelnicki v. Siegel, a 2002 decision from the Second Circuit. And the Second Circuit says that this Act, this Fair Debt Collection Practices Act, what it's intended to prevent are these types of abuses, the use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretenses, impersonating public officials and attorneys. That's not what we have here, is it? I disagree, Your Honor. If they're falsely threatening her with litigation, I mean, 1692E5 specifically prohibits that behavior. We don't have to look at what Congress's purposes were. We can look at exactly what the statute says it's meant to prohibit. Well, the Second Circuit says, and I'm going to quote, cases like this, litigation over whether an innocuous debt collection letter is in technical compliance with the FDCPA are far afield from the original intent behind the FDCPA. If this case, if this appeal was in the Second Circuit, your appeal wouldn't have much traction, would it? I disagree. The Second Circuit has repeatedly found violations of the FDCPA when there's inherent contradictions, such as when they say, the Second Circuit had a case recently, Avila v. Reisinger, where the balance was stated but not that the fact that interest was occurring, stuff like that. It's not just when we use obscene, profane language that there's an FDCPA violation. The Second Circuit in that case did say misrepresentation of a consumer's legal rights. Is Ms. Russo going to be sued if she doesn't contact the law firm, or won't she? She was so concerned enough about this letter to come to a lawyer. The fact is, I mean, this is worrisome. I'm sorry. If I can finish my thought, Your Honor. Great, I appreciate it. So when you get a letter from a law firm, it's a scary thing for an unsophisticated consumer, right? The Seventh Circuit in Avila v. Rubin has noted that when you get a letter from a consumer, you know the price of poker just went up. That's why it goes from out. That collection agency is a law firm. Ms. Russo isn't so unsophisticated that she's unable to send the creditor a cease and desist letter. I mean, this isn't your typical unsophisticated consumer. She did send the creditor a cease and desist letter, did she not? We don't know that. That's one of the things we didn't know in this case. She didn't know in the lower court. And here it says that we've either sent our client or us. We're not even sure who got that letter. You see that in the middle of the page, where it says you have either sent this firm or our client a cease and desist notification in writing. And again, the statute is meant to protect the archetypical unsophisticated consumer, not necessarily the one in this specific case. But I appreciate Your Honor's giving me a little extra time. And I'm sorry if I cut anybody off. It's hard to see that over the phone. Oh, no, you did fine. Thank you very much, Mr. Zellman. Thank you, Your Honor. And Mr. Martin.